**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TERRY A. ROBERTSON, )<br>                              )<br>    Plaintiff,   )<br>                              )<br>    vs.           )<br>                              )<br>JEFF BUDROVICH and BUDROVICH )<br>EXCAVATING, INC.,   )<br>                              )<br>    Defendants.   ) | Case No. 4:05CV00616ERW |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Jeff Budrovich's Motion to Dismiss under Fed. R. Civ. P. 12(b) [doc. #8] filed on May 13, 2005. Plaintiff's pro se Complaint [doc. #1], filed on April 18, 2005, seeks damages for violations of Title VII of the Civil Rights Act. Defendant Budrovich Excavating, Inc. filed its Answer [doc. #7] on May 13, 2005. For the reasons below, Defendant Jeff Budrovich's Motion to Dismiss is granted.

**I. BACKGROUND**

Plaintiff alleges that he currently works as an operating engineer for Budrovich Excavating, Inc. He alleges that he received and continues to receive sexual harassment from other employees in violation of Title VII of the Civil Rights Act.[1] On a daily basis, Plaintiff allegedly receives verbal abuse of a sexual nature from his co-workers. According to Plaintiff, this abuse has harmed his reputation and caused him severe emotional distress. The damage to his

---

[1] 42 U.S.C. § 2000e-3 reads: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge . . . under this subchapter."

1

reputation has also spread beyond his employer to other companies in the excavating business, thereby making it difficult for him to find future employment, should he be dismissed from Budrovich Excavating, Inc. He also claims that his employer has retaliated against him after filing the complaint. According to Plaintiff, he is no longer moved from site to site like he was before filing the complaint; instead, he remains stationary at one site.

Plaintiff also includes Jeff Budrovich as a party because he believes he is the sole owner of Budrovich Excavating, Inc. However, Plaintiff admits that Jeff Budrovich has never harassed him. Instead, Jeff Budrovich allegedly assured Plaintiff that the harassers would be fired, but has apparently not done so. Plaintiff seeks $5 million in damages.

## II. MOTION TO DISMISS STANDARD

In a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In order to avoid a motion to dismiss, a plaintiff must state sufficient facts in the complaint to show that the defendants can be subjected to jurisdiction in Missouri. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (citation omitted).

## III. ANALYSIS

This Circuit has addressed the issue of whether supervisors can be sued in their individual capacity under Title VII. In *Lenhardt v. Basic Institute of Technology, Inc.*, the Eighth Circuit held that an individual defendant, who was the sole shareholder and president of the corporate

defendant, could not be considered an "employer" under the Missouri Human Rights Act (MHRA). 55 F.3d 377, 381 (8th Cir. 1995). In so holding, the Court noted that Title VII and the MHRA use similar definitions of employer. *Id.* at 380.

Next, in *Stevenson v. Brod Dugan Paint and Wall Coverings*, the Eastern District of Missouri held that supervisors Robert Brod, Jack Bergen, and Sam Sokolowski were unable to be sued under Title VII in their individual capacity. 934 F.Supp. 1131 (E.D. Mo. 1996). That decision was affirmed by the Eighth Circuit. 149 F.3d 1188 (8th Cir.1996).

Given *Lenhardt* and *Stevenson*, this Court finds that Defendant Jeff Budrovich cannot be sued under Title VII in his individual capacity. While Plaintiff alleges that Jeff Budrovich is the sole owner of Budrovich Excavating, Inc., he also acknowledges that he is an employee of Budrovich Excavating, Inc in attachment #1 of his Complaint.

For these reasons, Plaintiff's suit against Defendant Jeff Budrovich should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #8] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against **JEFF BUDROVICH** are **DISMISSED with  prejudice**.

An appropriate order of dismissal will accompany this Order.

Dated this <u>10th</u> day of November, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE