UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY A. ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV00616 ERW |
| | ) | |
| BUDROVICH EXCAVATING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant's Motion for Summary Judgment

[doc. # 26].  Plaintiff Robertson is an employee of Defendant Budrovich Excavating, Inc.  On

April 18, 2005, he filed a *pro se* Complaint against Defendant.  On January 20, 2006, Plaintiff had

retained counsel and was granted leave to file his first Amended Complaint.  In Count I of

Plaintiff's Amended Complaint, Plaintiff seeks relief for sexual harassment and retaliation pursuant

to 42 U.S.C. § 2000e.  In Count II, Plaintiff seeks relief for sexual discrimination under 42 U.S.C.

§ 1981.

## I.  FACTS AND BACKGROUND[1]

---

[1]The Court's recitation of facts is taken from the Defendant's Statement of Uncontroverted
Facts.  Pursuant to Local Rule 7-4.01(E), the memorandum accompanying a motion for summary
judgment must "have attached a statement of uncontroverted material facts, set forth in a separately
numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so,
the appropriate citations."  Each memorandum in opposition "shall include a statement of material facts
as to which the party contends a genuine issue exists."  The matters set forth in the moving party's
statement of uncontroverted facts are deemed admitted for purposes of the summary judgment motion
unless they are specifically controverted by the opposing party.  Plaintiff failed to specifically controvert
nearly every fact.  Plaintiff specifically controverted only one fact, that other similarly situated workers
actually worked fewer hours than Plaintiff in the period of March 2005 to June 2005; however, Plaintiff
failed to provide any affidavits or other evidence in support of Plaintiff's supposition that the fact was
untrue.  Thus, all the facts set forth in Defendant's Statement of Uncontroverted Facts will be deemed

Defendant Budrovich is a construction-related excavating company that provides heavy construction equipment including cranes, bulldozers, backhoes, high lifts, and dump trucks to construction contractors. Defendant also provides operators of the machinery to the contractors. Plaintiff is an employee of Defendant. He was hired on May 27, 2003, and he works as a heavy equipment operator. He has worked at several construction sites including, *inter alia*: the CBC High School construction site, the Lake St. Louis Police Department construction site, the St. Louis Metrolink Expansion construction site and the Waldon Pond construction site.

Defendant has a sexual harassment policy ("Policy"). The Policy prohibits all sexual harassment and directs employees to immediately report incidents of sexual harassment to their supervisor, manager or the human resources manager. The Policy indicates that in order to complete a prompt investigation, "any complaint should be reported to Human Resources within ten (10) working days of the incident or occurrence." The Policy also specifies that the complaints of sexual harassment will be kept confidential to the maximum extent possible. Plaintiff admits he was aware of the policy. He received or read a copy when he started working for Defendant, and he received another copy on October 22, 2004.

Plaintiff is bisexual and lives with two homosexual men. He acknowledges that he discussed his living arrangements with his co-workers and made them aware he lives with two homosexual men.

Plaintiff alleges that in 2003, while working at the Waldon Pond construction site, other male co-workers began teasing him about his sexual orientation. However, he did not report the teasing to his supervisor, manager or the human resources manager. On October 5, 2004, at the

admitted for the purposes of this Order.

Metrolink construction site, Plaintiff allegedly overheard a co-employee, Corey Weiskopf remark to another Budrovich employee that Plaintiff was a "queer." That evening, Plaintiff called Andrew Yonaka, a Job Superintendent at Budrovich, at home and indicated he was "tired of the teasing" and "didn't think it was funny anymore." Defendant initially declined to specify who was allegedly teasing him about his perceived homosexuality. Later, Plaintiff stated that Weiskopf and Jeff Abeln were the individuals who had harassed him on the Metrolink site. Yonaka apologized and said he would talk to Plaintiff the following day. After talking with Plaintiff, Yonaka notified Gary Chasteen, a Project Manager for Budrovich, about the alleged harassment. The following morning, Yonaka and Plaintiff's union steward spoke with Abeln and other employees and told them to stop teasing Robertson. Between October 6, 2004 and October 13, 2004, Chasteen interviewed witnesses and investigated Plaintiff's allegations. On October 14, 2004, Chasteen met with Abeln and Weiskopf and reminded them of Budrovich's sexual harassment policy and he warned them that any further incidents of harassment by them would result in automatic termination. Chasteen met with Plaintiff to tell him that Defendant had concluded its investigation, and the employees that had teased him had been reprimanded.[2] Abeln apologized to Plaintiff within a few days of the incident. Plaintiff admits he has not been teased by Abeln since that October 5, 2004 incident. Robertson admits he has not been teased by Weiskopf since October 6, 2004. On several occasions, in October 2004 and November 2004, Chasteen and Yonaka asked Plaintiff if he had suffered any additional harassment. Each time, Plaintiff replied

---

[2]During that conversation, Plaintiff indicated that he was compiling a list of individuals that had been teasing and harassing him. Plaintiff said that he would provide Chasteen with the list. Chasteen asked for the list on several occasions, but Plaintiff did not provide him with a copy.

"no" and told them that "everything was fine."

On October 15, 2004, Chasteen met with Plaintiff again. Jeff Budrovich, Budrovich's Vice President, and Ken Collins, Budrovich's Operations Manager, were also present. Jeff Budrovich explained the Policy and told Plaintiff that the Company was taking his complaints seriously. He indicated to Plaintiff that harassment would not be tolerated. During the last week in October, the Human Resources Department reissued the Policy and Company's Equal Employment Opportunity Policy to all employees.

In December 2004, at the Company holiday party, Chasteen and Jeff Budrovich asked Plaintiff if everything was going alright, and Plaintiff said everything was fine. Plaintiff reported another incident of alleged harassment in early February 2005. Plaintiff informed Yonaka and Chasteen that at the holiday party in December 2004, Dave Pilla, a co-worker, made an offensive remark. Plaintiff claimed that Pilla said "you're the one who started all this shit" because of Plaintiff's complaints of harassment several months earlier. Plaintiff admits the remark was not of a "sexually harassing nature." On February 23, 2005, Plaintiff told Chasteen that he overheard Pilla tell Weiskopf "don't let [Robertson] be playing grab-ass with you" a week earlier. Chasteen asked Plaintiff that he report any future incidents immediately so that the incident could be investigated and corrective action be taken. Chasteen informed Collins of the alleged harassment, and Collins met with Pilla. Collins told him to stop making inappropriate or offensive remarks to Plaintiff or he would be further disciplined, including possible termination. Plaintiff admits that Pilla has not made any comments since Collins talked with him.

On March 29, 2005, Plaintiff informed Chasteen that someone had written an offensive comment about him on one of the portable toilets at the Metrolink construction site. The

comment said, "Stop and think. Are you gay?" Plaintiff believed it was directed at him because it appeared after he filed his EEOC complaint. The portable toilets on that site were provided and controlled by McCarthy Brothers ("McCarthy"), and Plaintiff told Chasteen that he had already reported graffiti to McCarthy. Plaintiff admits that more than 100 workers from various companies use the toilets. Plaintiff has no evidence that a Budrovich employee wrote the message or that remark was aimed at him.

On April 28, 2005, Plaintiff reported to Chasteen new graffiti on a portable toilet at the Metrolink site. The graffiti was a picture of a penis with the name "Terry" scratched below it.[3] Plaintiff believed the graffiti was directed at him, but he admits he was not the only "Terry" working at the site. The following day, Chasteen notified McCarthy about the grafitti, and the McCarthy employee told Chasteen that he would have the graffiti removed.

Plaintiff also claims that Defendant retaliated against him by not supplying him work for several days in April 2005. He admits that the equipment he normally operates was unavailable during this period because it was temporarily needed at another job site. Plaintiff's employee pay records reflect that Robertson worked a total of 773 hours during the March 2005 through June 2005 time frame. During that same time period, other full-time Budrovich employees worked, on average, only 737 hours.

## II. SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[3]Terry is Plaintiff Robertson's first name.

56(c); *Crumley v. City of St. Paul*, 324 F.3d 1003, 1006 (8th Cir. 2003). The United States Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 1).

"'By its terms, [Rule 56(c)(1)] provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no genuine issue of material fact.'" *Hufsmith v. Weaver*, 817 F.2d 455, 460 n.7 (8th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis added by Supreme Court)). Material facts are "those 'that might affect the outcome of the suit under governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 247-48). Summary judgment will be denied due to a material issue of genuine fact if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Crumley*, 324 F.3d at 1006. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, quoted in *St. Jude Med., Inc. v. Lifecare Intern., Inc.*, 250 F.3d 587, 595 (8th Cir. 2001).

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *Crumley*, 324 F.3d at 1006 (citing *Lynn v. Deaconess Med. Ctr.-W. Campus*, 160 F.3d 484, 487 (8th Cir. 1998)). The burden then shifts to the non-moving party who must set forth

specific evidence showing that there is a genuine dispute as to material issues. *Anderson*, 477

U.S. at 249. To meet its burden, the non-moving party may not rest on the pleadings alone and

must "do more than simply show there is some metaphysical doubt as to the material facts."

*Matsushita*, 475 U.S. at 586.

In analyzing summary judgment motions, the court must view the evidence in the light

most favorable to the non-moving party. *Crumley*, 324 F.3d at 1008. The non-moving party is

given the benefit of any inferences that can logically be drawn from those facts. *Matsushita*, 475

U.S. at 586. The court may not "weigh the evidence in the summary judgment record, decide

credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis*

*Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The court instead "perform[s] only a

gatekeeper function of determining whether there is evidence in the summary judgment record

generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

### III. DISCUSSION

#### <u>Harassment Under 42 U.S.C. § 2000e</u>[4]

Plaintiff has failed to set forth a prima facie case that the alleged comments and graffiti in

the portable toilets constitute harassment under 42 U.S.C. § 2000e. Title VII of the Civil Rights

---

[4]The Court notes that Plaintiff failed to respond to any of Defendant's arguments that Defendant set forth in its Motion for Summary Judgment. Thus, Plaintiff's claim is abandoned. *See Culkin v. Walgreen Co.*, 2006 WL 839195, at *1 (E.D. Mo. Mar. 27, 2006) (court assumed plaintiff abandoned claims not addressed in opposition to defendant's motion to dismiss); *United States v. NHC Health Care Corp.*, 163 F. Supp.2d 1051, 1058-59 (W.D. Mo. 2001) (court assumed plaintiff abandoned claims not addressed in opposition to defendant's motion for summary judgment); *DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1859 n.2 (2006) (court found that claims relying on allegations not raised in briefing or during oral argument had been abandoned). However, the Court will address the allegations set forth by Plaintiff in his Complaint.

Act of 1964 provides, *inter alia*, that "[i]t shall be an unlawful employment practice for an employer to. . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's. . . sex[.]" 42 U.S.C. § 2000e-2(a)(1). "The fundamental issue is whether members of one sex are subjected to unfavorable conditions of employment that the members of the opposite sex are not." *Duncan v. General Motors Corp.*, 300 F.3d 928, 933 (8th Cir 2002); *Hesse*, 394 F.3d at 630. "A plaintiff may prevail in a discrimination claim by showing the inappropriate conduct creates a 'hostile work environment.'" *Baker v. John Morrell & Co.*, 382 F.3d 816, 828 (8th Cir. 2004).

In order to present a prima facie claim of hostile work environment, the Plaintiff must show that "(1) []he is a member of a protected group; (2) []he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; and (4) the harassment affected a term, condition, or privilege of [his] employment." *Baker*, 382 F.3d at 828; *Hesse*, 394 F.3d at 629; *Hocevar v. Purdue Frederick Co.*, 223 F.3d 721, 736 (8th Cir. 2000); and *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Also, plaintiff must show the employer "knew or should have known of the harassment and failed to take proper remedial action." *Howard v. Burns Bros., Inc.*, 149 F.3d 835, 840 (8th Cir. 1998).

The unwelcome sexual harassment must permeate the workplace and be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Harris*, 510 U.S. at 21. The harassment must both objectively and subjectively affect a term, condition, or privilege of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998); *Baker*, 382 F.3d at 828.

Courts consider the totality of the circumstances when determining if the harassment is

objectively offensive. *Baker*, 382 F.3d at 828 (listing cases); *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 81 (1998). Courts will look at factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance to determine whether the harassment was sufficiently severe. *Faragher*, 524 U.S. at 787-88. "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" will not be sufficiently severe because the purpose of Title VII is not to be a "general civility code." *Id.* at 788 (internal citations omitted); *Hesse*, 394 F.3d at 630.

The Court finds that the alleged harassment did not affect a term, condition, or privilege of Plaintiff's employment because the "teasing" and graffiti were not sufficiently severe. The "queer" comment and other teasing were simply offhand comments by co-workers. It is undisputed that after Defendant learned of the teasing, Chasteen and other members of management took steps to stop the behavior, and it worked. Following the reprimands, those employees did not "harass" Plaintiff again. Furthermore, when asked if he was still being harassed, Plaintiff said "no," and that "everything was fine." It was February before Plaintiff made another complaint about a co-worker's remark, but Plaintiff admitted Pilla's remark that "you're the one who started all this shit" was not of a sexually harassing nature. The February 23, 2005 "grab-ass" comment was isolated; the comment was the only "harassing" comment that Plaintiff identifies as occurring between October 6, 2004 and mid-March, 2005. Furthermore, Plaintiff admits that Pilla made no other comments after Collins reprimanded him.

The Court finds that Plaintiff has presented no evidence that the graffiti was directed toward him or that anyone believed it was directed at him. Furthermore, numerous employees

9

from several different companies used the portable toilets. Plaintiff has presented no evidence that the graffiti was written by a Budrovich employee. Regardless, as soon as Defendant learned of the offensive graffiti, it took steps to have it removed.[5] This Court finds that teasing comments and graffiti were not so severe that they affected a term, condition, or privilege of Plaintiff's employment.[6]

### *Retaliation Under 42 U.S.C. § 2000e*

This Court holds that Plaintiff failed to exhaust his administrative remedies as to his claim of retaliation. Prior to filing a claim under 42 U.S.C. § 2000e, a party must file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter. *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). "In general, '[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir.1994)). "[T]he sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC 'investigation which could reasonably be expected to grow out of the charge of discrimination.'" *Duncan v. Delta Consol. Industries, Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004) (quoting *Cobb v. Stringer*,

---

[5]Defendant did not contact McCarthy about the "Stop and think. Are you gay?" graffiti because Plaintiff had already contacted McCarthy and asked that the comment be removed.

[6]Because Plaintiff has failed to make this showing, he has failed to establish a prima facie case of sexual harassment, and the Court need not address whether Plaintiff has established the other elements of a prima facie claim.

850 F.2d 356, 359 (8th Cir.1988)). Allegations outside the scope of those included in the EEOC

charge cannot be later pursued in a party's federal lawsuit. *See Duncan*, 371 F.3d at 1025 (sexual

harassment not included in EEO charge because "sex" box was not checked); *Stuart*, 217 F.3d at

630-31 (court held that plaintiff's "claim of retaliation by discipline must fail because it is not

specifically stated in, grows out of, or is like or reasonably related to the substance of her

allegations in her EEOC and MCHR charge); *Briley v. Carlin*, 172 F.3d 567, 573 (8th Cir. 1999)

(summary judgment for failure to exhaust was proper because plaintiff's "requests for a

promotion and backpay were beyond the scope of the claims articulated in her EEO complaint");

*Shannon*, 72 F.3d at 684 (failure-to-promote claim not included in charge filed with EEOC, and

thus, claim was not exhausted). Plaintiff's charge included only allegations of sexual harassment,

and he did not allude to any retaliation by Defendant. Indeed, he specifically denied that the

Company had retaliated against him for complaining of any alleged harassment. Thus, Plaintiff's

claim of retaliation is foreclosed because he failed to exhaust his administrative remedies.

### *Sexual Discrimination Under 42 U.S.C. § 1981*[7]

42 U.S.C. § 1981 provides *inter alia*, that "[a]ll persons within the jurisdiction of the

United States shall have the same right in every State and Territory to make and enforce

contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and

proceedings for the security of persons and property as is enjoyed by white citizens[.]" Section

---

[7]The Court notes that Plaintiff failed to respond to Defendant's arguments set forth in Defendant's Motion for Summary Judgment. Thus, Plaintiff's claim is abandoned. *See Culkin*, 2006 WL 839195, at *1; *NHC Health Care Corp.*, 163 F. Supp.2d at 1058-59; *DaimlerChrysler Corp.*, 126 S. Ct. at 1859 n.2. However, the Court will address the allegations set forth by Plaintiff in his Complaint.

1981 does not encompass claims of sexual discrimination. *See Manning v. Metropolitan Life Ins. Co., Inc.*, 127 F.3d 686, 689 n.1 (8th Cir. 1997), *overruled on other grounds*; *DeGraffenreid v. General Motors Assembly Division, St. Louis*, 558 F.2d 480, 486 n.2 (8th Cir. 1977); and *Olson v. Rembrandt Printing Company*, 375 F.Supp. 413, 417 (E.D. Mo. 1974), *aff'd* 511 F.2d 1228 (8th Cir. 1975). Thus, Plaintiff's claim fails as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [doc. # 26] is **GRANTED**.

An appropriate Order of Dismissal shall accompany this Order.

So Order this 23rd day of August, 2006.


_____
E. RICHARD WEBBER
U.S. DISTRICT COURT JUDGE